UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ROBERT HAMLEN,

        Plaintiff,

v.

GATEWAY ENERGY SERVICES
CORPORATION,

        Defendant.
--------------------------------------------------------------x

**OPINION AND ORDER**

16 CV 3526 (VB)

Briccetti, J.:

    Plaintiff Robert Hamlen brings this putative class action against Gateway Energy Services Corporation for breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1 et seq.

    Now pending is defendant's motion to dismiss the breach of contract and NJCFA claims pursuant to Rule 12(b)(6). (Doc. #88).

    For the following reasons, the motion is DENIED.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

## BACKGROUND

    In deciding the pending motion, the Court accepts as true all well-pleaded allegations in plaintiff's complaint and draws all reasonable inferences in plaintiff's favor.

    This Court decided defendant's previous motion to dismiss the complaint on March 6, 2017 (Doc. #28), and Magistrate Judge Judith C. McCarthy decided plaintiff's motion to amend on December 8, 2018. (Doc. #81). Accordingly, the Court presumes familiarity with the

1

circumstances of the case and recounts only the relevant facts necessary for the resolution of the pending motion.

Plaintiff filed his complaint on May 11, 2016, asserting claims for violations of the NJCFA, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. On July 26, 2016, defendant moved to dismiss the complaint. On March 6, 2017, this Court granted the motion to dismiss all claims except for breach of the implied covenant of good faith and fair dealing.

On June 22, 2017, the Court referred the case to Magistrate Judge McCarthy for general pretrial supervision, including all non-dispositive motions. On August 16, 2017, plaintiff moved for leave to file an amended class action complaint, attaching a proposed amended complaint to the pleadings. Judge McCarthy issued an Opinion and Order on December 8, 2017, granting leave to re-plead the breach of contract and NJCFA claims and denying joinder of an additional defendant. Defendant did not file objections to the magistrate judge's decision or move for reconsideration.

Consistent with Judge McCarthy's December 8, 2017, Opinion and Order, plaintiff filed an amended complaint on December 18, 2017.

On January 16, 2018, defendant moved to dismiss the amended complaint.

## DISCUSSION

Plaintiff argues that Judge McCarthy's Opinion and Order determining that plaintiff adequately pleaded the breach of contract and NJCFA claims is law of the case.

The Court agrees.

The law of the case doctrine provides "when a court has ruled on an issue, 'that decision should generally be adhered to by that court in subsequent stages in the same case.'" United

States v. Carr, 557 F.3d 93, 102 (2d Cir. 2009) (quoting United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002)).  The doctrine is properly applied only when the parties had a full and fair opportunity to litigate the initial determination.  See Westerbeke Corp. v. Daihatsu Motor Co., 304 F.3d 200, 219 (2d Cir. 2002).

"Application of the law of the case doctrine is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment."  Sagendorf-Teal v. Cty. of Rensselaer, 100 F.3d 270, 277 (2d Cir. 1996) (citation and internal quotation marks omitted).  A court "may depart from the law of the case for 'cogent' or 'compelling' reasons including an intervening change of law, availability of new evidence, or 'the need to correct a clear error or prevent manifest injustice.'"  Johnson v. Holder, 564 F.3d 95, 99–100 (2d Cir. 2009) (quoting United States v. Quintieri, 306 F.3d 1217 at 1230).

Here, Judge McCarthy issued a thorough and well-reasoned twenty-five page opinion on the motion to amend.  In deciding the motion, Judge McCarthy applied the standard for Rule 15(a)(2) of the Federal Rules of Civil Procedure.  Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires."  "Leave to amend, though liberally granted, may properly be denied for . . . 'futility of amendment.'"  Ruotolo v. City of N. Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  Proposed amendments are futile if they would fail to state a claim under Rule 12(b)(6).  See IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC, 783 F.3d 383, 389 (2d Cir. 2015).

Defendant fully briefed the motion to amend.  Specifically, defendant argued this Court's March 6, 2017, decision dismissing the breach of contract and NJCFA claims was law of the case; the motion to amend mischaracterized the testimony of Gateway's corporate representative

regarding churn as a pricing factor; Gateway had disclosed churn as a pricing factor; and the proposed pleadings regarding churn did not cure the defects identified in the Court's March 6, 2017, Order because the pricing factors were non-exhaustive.

Defendant advances substantially the same arguments in the present motion. In particular, defendant re-argues (i) plaintiff has not pleaded how defendant deviated from pricing based on the non-exhaustive list of factors articulated in the contract; (ii) defendant complied with the contract at all relevant times; and (iii) plaintiff misconstrues the corporate witness testimony regarding the effect of churn on pricing.

Accordingly, defendant had a full and fair opportunity to litigate whether plaintiff adequately pleaded his breach of contract and NJCFA claims under a Rule 12(b)(6) standard.

Moreover, defendant's motion papers do not present any change of controlling law, nor does defendant assert Judge McCarthy's decision was clearly erroneous.

Defendant argues it is entitled to an adjudication on the merits by an Article III judge of its dispositive motion.

Defendant is wrong.

The law of the case doctrine is intended to keep rulings consistent throughout a litigation. See In re PCH Assocs., 949 F.2d 585, 592 (2d Cir. 1991). This purpose is served by maintaining consistent rulings through all stages of the case, regardless of the judge making the determination or whether that judge has life-tenure. See Teoba v. TruGreen Landcare LLC, 2013 WL 1560208, at *4 (W.D.N.Y. 2014) (ruling by magistrate judge on motion to amend became law of the case for subsequent motion to dismiss the amended complaint decided by the district judge); Torah Soft Ltd. v. Drosnin, 224 F. Supp. 2d 704, 710 (S.D.N.Y. 2002) ("The law of the case

4

doctrine generally applies to decisions made by a state court prior to removal to federal district court.").

Accordingly, Judge McCarthy's determination that the amended pleadings survive a Rule 12(b)(6) motion, to which defendant did not object, is the law of the case.

## CONCLUSION

The motion to dismiss is DENIED.

The Clerk is instructed to terminate the pending motion. (Doc. #88).

Dated: March 28, 2018
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge